DECISION
Petitioner Troy D. Johnson, acting pro se, on October 1, 2001 filed an "Application For Post-Conviction Relief" pursuant to R.I.G.L. §10-9.1-1(6).
Petitioner in his application specifically sought to "modify the terms of his probation conditions via court ordering the petitioner to the Galilee Mission." The probationary term Petitioner was referencing presumably was the balance of the term of probation originally imposed in P2/93-0511A on March 7, 1994.
Respondent answered on January 2, 2002, arguing because the application was (1) not verified, (2) (failed in) setting forth with specificity the facts which support the application, as well as other procedural missteps, that the application should be dismissed. No written objection to the Respondent's Motion to Dismiss has been filed by Petitioner.
The "Post-Conviction Remedy" statute R.I.G.L. 10-9.1-1 et seq. (hereinafter "statute") provides, generally, the method by which a person may challenge their incarceration, the circumstances leading up to their conviction, the effectiveness of their trial counsel, etc.
The "statute" expressly provides in subsection (3) "(A) Proceeding is commenced by filing an application verified by the applicant." R.I.G.L. § 10-9.1-3. (Emphasis added.) Although the term "verified" is not defined within the statute, a common definition means "a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." Blacks Law Dictionary, Seventh Edition.
A further reading of the statute confirms the legislature's intent as to the requirement that the facts contained in the application could not be simply stated, but rather had to be " . . . sworn to affirmatively as true and correct." R.I.G.L. § 10-9.1-3.
Additionally as Respondent points out and argues, Petitioner's application fails to claim that "1) his conviction or sentence was in violation of the constitutions of the United States or the constitution of laws of this state; 2) the court was without jurisdiction to impose sentence; 3) the sentence exceeds the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law; 4) there exists evidence of material facts, not previously presented or heard, that requires vacation of the conviction or sentence in the interest of justice; 5) his . . . sentence has expired, his . . . probation, parole, or conditional release unlawfully revoked, or he . . . is otherwise unlawfully held in custody or other restraint; or 6) the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy. . . ." R.I.G.L. § 10-9.1-1.
Therefore, based solely upon Petitioner's application and Respondent's Motion to Dismiss filed herein, this Court, by this decision, provides notice of its intention to 1) dismiss Petitioner's application without prejudice or, alternatively; 2) grant leave upon motion for Petitioner to amend his application upon the expiration of thirty (30) days from the date this decision is filed. Petitioner may, additionally, object and reply in writing to the Court's proposed action.